*JUDGE KOELTL*

**PELTON & ASSOCIATES PC**
Brent E. Pelton
Taylor B. Graham
111 Broadway, Suite 1503
New York, NY 10006
Telephone: (212) 385-9700
Facsimile: (212) 385-0800

**13 CV 4369**

*RECEIVED JUN 24 2013 U.S.D.C. S.D.N.Y. CASHIERS*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PHILLIP MAYER, Individually and on behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>-against-<br><br>21C MEDIA GROUP, INC.,<br><br>Defendant. | 13 Civ. _____ ( )<br><br>**CLASS & COLLECTIVE ACTION COMPLAINT**<br><br>Jury Trial Demanded |

**NATURE OF THE ACTION**

1. Plaintiff worked as an unpaid intern for Defendant 21C Media Group, Inc. ("21C Media Group" or "Defendant") at their office located in New York County, New York. Plaintiff Phillip Mayer ("Mayer" or "Plaintiff") brings this action to recover unpaid minimum wages owed to him pursuant to both the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.* and the New York Labor Law ("NYLL"), §§ 650 *et seq.* Plaintiff brings his FLSA claim on behalf of himself and all other similarly situated persons who have worked for Defendant as interns or assistants without pay, and his NYLL claim on behalf of himself and a Federal Rule of Civil Procedure 23 class of all persons who have worked as interns or assistants without pay for 21C Media Group in New York.

1

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1337, and 1343, and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391.

4. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

5. Plaintiff Mayer has been, at all relevant times, an adult individuals residing in New York County, New York. Throughout the relevant time period, Mayer worked for Defendant out of their corporate offices located in New York County, New York. Mayer consents in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b), and his written consent form is attached hereto and incorporated by reference.

6. Upon information and belief, Defendant 21C Media Group is an active New York Corporation with its principle place of business at 162 West 56th Street, New York, New York 10019.

## COLLECTIVE ACTION ALLEGATIONS

7. Pursuant to 29 U.S.C. § 207, Plaintiff brings his First Cause of Action as a collective action under the FLSA on behalf of himself and all persons who have worked for Defendant as interns or assistants without pay (the "Collective Action Members") since June 24, 2010 and through the entry of judgment in this case (the "Collective Action Period").

8. A collective action is appropriate in this circumstance because Plaintiff and the Collective Action Members are similarly situated, in that they were all subjected to Defendant's

illegal policies including, but not limited to, classifying their unpaid interns or assistants as "exempt" notwithstanding the fact that these individuals were not apprentices or in a vocational training program and were required to do the work of Defendant's regular employees. Plaintiff and the Collective Action Members were engaged in the primary operations of Defendant and performed productive work including, amoung other things, filing, performing other clerical work and running errands. As a result of this policy, Plaintiff and the Collective Action Members did not receive the legally required minimum wage for any of the hours they worked.

9. Plaintiff and Defendant's other unpaid interns or assistants had substantially similar primary job duties.

### CLASS ALLEGATIONS – NEW YORK LABOR LAW

10. Pursuant to the NYLL, Plaintiff brings his Second Cause of Action under Rule 23 of the Federal Rules of Civil Procedure on behalf of himself and all other persons who have worked as interns or assistants without pay for Defendant (the "Class Members") at any time since June 24, 2007 and through the entry of judgment in this case (the "Class Period").

11. The Class Members are so numerous that joinder of all members is impracticable.

12. Although the precise number of Class Members is unknown to Plaintiff, the facts on which the calculation of that number can be based are presently within the sole control of Defendant.

13. Upon information and belief, there are in excess of forty (40) Class Members.

14. There are questions of law and fact common to the claims of Plaintiff and the claims of the Class, including whether Defendant had a corporate policy of: failing to pay minimum wage to Class Members for all hours worked; and/or a corporate policy of misclassifying all unpaid interns and assistants as exempt from the FLSA minimum wage

provision.

15. Plaintiff's claims are typical of the Class Members' claims, and Plaintiff will fairly and adequately represent the Class. There are no conflicts between Plaintiff and the Class Members and Plaintiff's counsel are experienced in handling class litigation.

16. The Second Cause of Action is properly maintainable as a class action under Federal Rules of Civil Procedure 23(b)(3). There are questions of law and fact common to the Class that predominate over any questions solely affecting the individual members of the class, including but not limited to:

    a. whether Defendant employed Plaintiff and the Class Members within the meaning of the NYLL;

    b. whether Defendant failed to keep true and accurate time records for all hours worked by Plaintiff and the Class Members;

    c. what proof of hours worked is sufficient where employers fail in their duty to maintain time records;

    d. whether Defendant misclassified the Class Members as exempt from minimum wage;

    e. whether Defendant's policy of failing to pay workers was instituted willfully or with reckless disregard of the law; and

    f. whether Defendant is liable for all damages claimed hereunder, including but not limited to compensatory damages, liquidated damages, interest, costs and disbursements and attorneys' fees.

17. A class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of wage litigation like the present

action, where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants. The individual members of the class have no interest or capacity to bring separate actions; Plaintiff is unaware of any other litigation concerning this controversy; it is desirable to concentrate the litigation in one case; and there are no likely difficulties that will arise in managing the class action.

## STATEMENT OF FACTS

18. At all relevant times, Defendant has been and continues to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

19. Upon information and belief, at all relevant times, the Defendant had gross revenues in excess of $500,000.00.

20. At all relevant times, Defendant employed and/or continues to employ Plaintiff Mayer and each Collective Action Member within the meaning of the FLSA, 29 U.S.C. § 203(d).

21. At all relevant times, Defendant employed and/or continues to employ Plaintiff Mayer and each Class Member within the meaning of the NYLL, §§ 2 and 651.

22. At all relevant times, Defendant has been in the public relations and marketing industry specializing in classical music and the performing arts. According to their website, http://www.21cmediagroup.com, Defendant is based in New York City and "provides public relations and marketing services to a diverse client roster that includes many of today's most renowned instrumentalists, opera singers, conductors, composers, chamber music ensembles, orchestras, record labels, media companies, performing arts institutions, and music festivals. We work to develop and ensure a consistent image for each of our clients and to raise their visibility in the media, in the artistic community, and in the world at large…Through its own network of

contacts and relationships, and through an affiliation with the London/Hamburg-based Abion Media, 21C provides its services throughout North America, as well as support, when desired, in Europe and the Far East."

23. Plaintiff Mayer was employed with Defendant from approximately April 2, 2012 through August 10, 2012 (the "Mayer Employment Period") as an unpaid intern.

24. Throughout the Mayer Employment Period, Mayer's responsibilities as an intern included, among other things, sending packages, running errands, entering receipt expenses into spreadsheets, cleaning out the storage closets, posting updates on clients' websites, monitoring clients' Facebook feeds, gathering press quotes and press clippings and formatting clippings.

25. According to 21C Media Group's internship offer letter, an intern's responsibilities includes, but are not limited to: "organizing and regularly updating artist press kits; preparing press books for clients/artists; conducting research and writing reports; creating marketing materials and presentations for pitches; maintaining and mailing of publicity materials; fact checking; filing, typing and other clerical and organizational duties as needed."

26. Throughout the Mayer Employment Period, Mayer's direct supervisor was Defendant's Project Management Associate, Laura Malick ("Malik"). Malik hired Mayer, set his schedule and assigned him daily tasks, along with all other of Defendant's paid employees.

27. In or around April 2012, Mayer worked a total of approximately thirty-five (35) hours per week. Beginning in or around May 1, 2012 and throughout the remainder of the Mayer Employment Period, Mayer typically worked five (5) days per week, from approximately 10:00 am until approximately 6:00 pm, or sometimes later, for approximately eight (8) hours per day, for a total of approximately forty (40) hours per week.

28. Throughout the Mayer Employment Period, Mayer was given a monthly stipend

of $300.00 plus a monthly unlimited Metro Card. Mayer's nominal stipend was not a substitute for compensation and was not tied to Mayer's productivity such that it does not constitute wages under the FLSA or NYLL.

29. Throughout the Mayer Employment Period, Mayer did not receive any wages for the hours he worked each week.

30. Throughout the relevant time period, Defendant instituted an internship program which consisted of a spring, summer and fall internship schedule with approximately two (2) to four (4) interns per shift.

31. Throughout the Mayer Employment Period, Mayer worked alongside other individuals whom Defendant also classified as unpaid interns, who performed productive work and were paid no wages.

32. Like Plaintiff, Defendant's other similarly situated employees were classified as unpaid interns and did not receive any wages for the hours they worked each week. This refusal to pay minimum wages for hours worked was a corporate policy of Defendant that applied to all of Defendant's other unpaid interns and assistants.

33. Plaintiff and Defendant's other unpaid interns or assistants did not receive training similar to what would be given in a vocational school or academic educational instruction.

34. Plaintiff and Defendant's other unpaid interns or assistants completed work which otherwise would have been done by a paid employee of 21 C Media Group and Defendant obtained an immediate advantage from Plaintiff and Defendant's other unpaid interns or assistants' work.

35. Plaintiff and Defendant's other unpaid interns or assistants never impeded work at

their internships and provided work that was essential to Defendant's business.

36. Defendant has simultaneously employed other individuals like Plaintiff during the Class Period and Collective Action Period and continuing until today, to perform work as unpaid interns or assistants. As stated, the exact number of such individuals is presently unknown but within the sole knowledge of Defendant and can be ascertained through appropriate discovery, and is believed to be in excess of forty (40).

## FIRST CAUSE OF ACTION
## FAIR LABOR STANDARDS ACT – UNPAID MINIMUM WAGE

37. Plaintiff, on behalf of himself and the Collective Action Members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

38. As a result of Defendant's willful failure to compensate its employees, including Plaintiff and the Collective Action Members, at a rate not less than minimum wage for all hours worked, Defendant has violated and continue to violate the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a)(2).

39. As a result of the Defendant's failure to record, report, credit and/or compensate its employees, including Plaintiff and the Collective Action Members, Defendant has failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

40. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

41. Defendant's failure to pay wages to Plaintiff and the Collective Action Members at no less than minimum wage caused Plaintiff and the Collective Action Members to suffer loss

8

of wages and interest thereon. Plaintiff and the Collective Action Members are entitled to recover from Defendant their unpaid wages at no less than minimum wage, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION
## NEW YORK LABOR LAW – UNPAID MINIMUM WAGE

42.  Plaintiff, on behalf of himself and the Class Members, repeats, realleges and incorporates by reference the foregoing allegations as if set forth fully and again herein.

43.  Defendant entirely failed to pay Plaintiff and the Class Members for all hours they worked.

44.  Defendant's failure to pay Plaintiff and the Class Members at no less than minimum wage, constitutes a violation of, *inter alia*, NYLL §§ 191 and 198.

45.  Due to Defendant's NYLL violations, Plaintiff and the Class Members are entitled to recover from Defendant their unpaid wages at no less than New York State minimum wage plus interest, liquidated damages, reasonable attorneys' fees, and the costs and disbursements of this action pursuant to NYLL § 663(1) et al. and § 196-d.

## PRAYER FOR RELIEF

Wherefore, Plaintiff, on behalf of himself and all other similarly situated Collective Action Members and Class Members, respectfully requests that this Court grant the following relief:

    a.    Designation of this action as a collective action on behalf of the Collective Action Members and ordering the prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b)

and appointing Plaintiff and his counsel to represent the Collective Action Members;

b. Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(a), (b)(2) and (b)(3) on behalf of the Class Members and appointing Plaintiff and his counsel to represent the Class;

c. An order tolling the statute of limitations;

d. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the NYLL;

e. An injunction against Defendant and its officers, agents, successors, employees, representatives and any and all persons acting in concert with Defendant, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

f. An award of compensatory damages as a result of the Defendant's willful failure to pay minimum wages pursuant to the FLSA and the NYLL and supporting regulations;

g. An award of liquidated and/or punitive damages as a result of the Defendant's willful failure to pay minimum wages pursuant to the FLSA and the NYLL and supporting regulations;

h. An award of prejudgment and post-judgment interest;

i. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

j. Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: New York, New York
June 24, 2013

                                     PELTON & ASSOCIATES PC

                                     By: _____
                                     Brent E. Pelton (BP 1055)

Taylor Graham (TG 9607)
111 Broadway, Suite 1503
New York, New York 10006
Telephone: (212) 385-9700
Facsimile: (212) 385-0800

*Attorneys for Plaintiff, Individually, and
on Behalf of All Other Persons Similarly Situated*

11

June 17, 2013
Page 7

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest 21C Media Group and/or its owners, officers, subsidiaries, contractors, managers, shareholders and/or affiliates, if applicable, based on their failure to pay minimum and overtime wages as required under state and/or federal law. I authorize the filing of this consent in the action(s) challenging such conduct. I authorize being named as the representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiff's counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

_____  6/18/2013            Phillip Mayer
Signature                Date                 Printed Name